COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS

SUPERIOR COURT DEPARTMENT
CIVIL ACTION
NO.

ALEX J. CORBETT,                                          )
                          Plaintiff,                      )
                                                          )
v.                                                        )
                                                          )
CITY OF BOSTON, CRT FOOD & BEVERAGE, INC.                 )
D/B/A WHISKEY'S STEAKHOUSE BOSTON                         )
AND LUDWIG H. CASTILLO,                                   )
                          Defendants                      )
                                                          )

## COMPLAINT

## PARTIES

1. The Plaintiff, Alex J. Corbett  (hereinafter "Plaintiff") is a resident of the Commonwealth of Massachusetts with a usual place of residence at 2 South Whitney Street, #3, Boston, Suffolk County, Commonwealth of Massachusetts.

2. The Defendant, City of Boston ("Boston"), upon information and belief, is a municipality created by the Massachusetts General Court pursuant to Art. II, Sec. 8 of the Massachusetts Constitution.  Boston is located in the County of Suffolk, Commonwealth of Massachusetts.

3. The Defendant, CRT Food & Beverage, Inc. d/b/a Whiskey's Steakhouse Boston (hereinafter "Whiskey's"), upon information and belief, is Massachusetts corporation duly organized and authorized to do business in the Commonwealth of Massachusetts with a principal place of business located at 907 Boylston Street, City of Boston, Suffolk County, Commonwealth of Massachusetts and an establishment located at 885 Boylston Street, City of Boston, Suffolk County, Commonwealth of Massachusetts..

4. The Defendant, Ludwig H. Castillo (hereinafter "Officer Castillo"), upon information and belief, is a resident of the Commonwealth of Massachusetts with a usual place of residence at █████████████████. At all relevant times set forth herein, Castillo was a police officer employed by Boston and acted under the color of state law as a Boston police officer.  The instant action is brought against Castillo individually and as an employee of Boston.

## STATUTORY NOTICE REQUIREMENT

On or about November 26, 2012 Plaintiff notified Boston of its claim pursuant to and in accordance with M.G.L.c. 258, § 4.  This notice is a prerequisite to filing the instant action against Boston.  A copy of said notice is attached hereto as Exhibit 1.

## FACTS RELEVANT TO ALL CLAIMS

5.   Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 4 as if fully set forth herein.

6.   At approximately 12:15 a.m. on Saturday, February 18, 2012, Plaintiff was a lawful patron waiting outside of Whiskey's establishment, awaiting entry into the establishment.

7.   At approximately the same time, Officer Castillo was working a paid detail at Whiskey's.

8.   Suddenly and without provocation, Officer Castillo punched Plaintiff in the face and subsequently placed Plaintiff under arrest for disorderly conduct, assault and battery on a police officer and escape from an officer.

9.   The entire incident occurred outside Whiskey's and was captured on surveillance videotape.

10.  The video shows Plaintiff standing outside Whiskey's with his hands at his side when an agitated Officer Castillo charges toward Plaintiff, punches him in the face, and then tackles Plaintiff to the ground where he remained with the aid of Whiskey's employees until other officers from the Boston Police arrived to assist in the arrest of Plaintiff.

11.  As a result of the aforementioned, Plaintiff spent a night in jail as the Boston Police Department, aided by Officer Castillo, filed an application for a criminal complaint against Plaintiff for disorderly conduct, assault and battery on a police officer and escape from an officer.

12.  After reviewing the police report of the incident drafted by Officer Castillo, the Clerk Magistrate of the Boston Municipal Court issued a Criminal Complaint against Plaintiff.

13.  Plaintiff appeared at the Boston Municipal Court as a result of the Criminal Complaint issued against him.  Immediately upon reviewing the surveillance video from Whiskey's of the alleged incident and after investigating the matter, the Suffolk County District Attorney's Office dismissed all charges against Plaintiff.

14. Upon information and belief, the Boston Police Department also commenced an internal affairs investigation into the conduct of Officer Castillo based upon the findings of the Suffolk County District Attorney's Office.

15. As a result of the assault and battery by Officer Castillo and the Boston Police Department's negligence in properly supervising and training Officer Castillo, including verifying the facts in Officer Castillo's police report, Plaintiff suffered significant personal injuries and was falsely charged with a Criminal Complaint.

16. From information and belief, Officer Castillo reported the incident to Plaintiff's school, the Massachusetts College of Pharmacy and Health Sciences, and/or provided them with a copy of the false police report.

17. As a result of the false criminal charges filed against Plaintiff, and in Officer Castillo's police report, Plaintiff's school, Massachusetts College of Pharmacy and Health Services, suspended Plaintiff for an entire semester causing his graduation date to be postponed for an entire year, causing him to incur expenses of having to live in Boston for another year, and causing him to lose a year of gainful employment..

18. Plaintiff has sustained significant personal injuries, monetary damages and irreparable harm as a result of the assault and battery and filing of false police report by Officer Castillo, and the carelessness, recklessness and negligence of the Boston Police Department.

## COUNT I – VIOLATIONS OF 42 U.S.C. §1983
### (As Against Officer Castillo and Boston)

19. Plaintiff adopts by reference hereto paragraphs 1 through 18 as if fully set forth herein.

20. Defendant, Officer Castillo, is and was a police officer employed by the Defendant, Boston, and was at all times material acting within the scope of his employment and under the color of state law.

21. Defendant, Boston, is a municipal corporation, and is charged, inter alia, with the duty to supervise, manage and control its Police Department to prevent the violation of the civil rights of its citizens.

22. At all material times, defendant Officer Castillo had a duty under the Fourteenth Amendment to the United States Constitution to refrain from the use of excessive force while arresting Plaintiff.

23. Notwithstanding that duty, Officer Castillo was then and there guilty of one or more of the following wrongful acts:

3

a. Using a degree of force that was excessive and unreasonable under the circumstances by assaulting and battering Plaintiff;

b. Using unlawful means to effectuate the arrest of Plaintiff; and

c. Depriving Plaintiff of his right to be free from unwarranted and unreasonable restraints on his person.

24. As a direct and proximate result of Officer Castillo's and Boston's wrongful acts or omissions to act, Plaintiff suffered damages to his person, pain, suffering, disability, loss of income, mental anguish, humiliation, and other diverse injuries.

WHEREFORE, plaintiff demands judgment against defendants Officer Castillo and Boston for their wrongful violations of Plaintiff's right to be free from the excessive use of force under the Fourth and Fourteenth Amendments to the United States Constitution, in the amount of $500,000.00 as and for compensatory damages, punitive damages in an amount sufficient to deter such wrongful conduct in the future, plus attorney's fees and costs, as provided by 42 U.S.C. § 1988.

## COUNT II – MONETARY CLAIM FOR DAMAGES
### (As Against Boston)

25. Plaintiff adopts by reference paragraphs 1 through 24 as if fully set forth herein.

26. Defendant Boston is a Massachusetts municipal corporation which operates, administers and controls the City of Boston Police Department as one of its executive branches.

27. Defendant Boston has established policies and procedures for its Police Department regarding the use of force to prisoners and detainees.

28. In establishing these procedures, Boston had a duty under the Fourth and Fourteenth Amendments to the United States Constitution to refrain from enforcing or continuing in effect policies and procedures that created a substantial likelihood that the general public would be subjected to the use of excessive force by Boston's Police Department officers.

29. Notwithstanding its mentioned duties, Boston was guilty of one or more of the following wrongful acts or omissions to act in violation of the Plaintiff's Constitutional rights, in that it:

a. allowed policies and procedures to continue in force and effect which resulted in the use of outrageous and excessive force against Plaintiff;

b. had a custom and practice of failing to independently and adequately investigate complaints of excessive force; and

c.    had a custom and practice of failing to effectively discipline or retrain police officers who wrongfully utilized excessive force;

d.    As a direct and proximate result of one or more of defendant Boston's foregoing wrongful acts or omissions to act, the Plaintiff sustained a violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution, injury to his person, pain, suffering, disability, loss of income, mental anguish, humiliation, and other diverse injuries.

WHEREFORE, plaintiff requests judgment against defendant Boston in the amount of $100,000.00 as and for compensatory damages, plus attorney's fees and costs as provided in 42 U.S.C.A. § 1988.

## COUNT III – VIOLATION OF THE MASSACHUSETTS CIVIL RIGHTS ACT, M.G.L. c. 12, §§ 11H and 11I
### (As Against Officer Castillo)

30.    Plaintiff adopts by reference paragraphs 1 through 29 as if fully set forth herein.

31.    The above-described deliberate actions of Officer Castillo constitute intimidation and coercion within the meaning of M.G.L. c. 12, §§ 11 H and I.

32.    Officer Castillo interfered with Plaintiff's right to be fee from excessive force and unreasonable seizures as afforded to him by the United States Constitution and the Massachusetts Constitution.

33.    Officer Castillo interfered with Plaintiff's rights by threats, intimidation and coercion as defined by M.G.L. c. 12 §§ 11 H and I.

WHEREFORE, Plaintiff requests judgment against defendant Officer Castillo in the amount of $500,000.00 as and for compensatory damages, plus attorney's fees and costs.

## COUNT IV – COMMON LAW BATTERY
### (As Against Castillo)

34.    Plaintiff adopts by reference paragraphs 1 through 33 as if fully set forth herein.

35.    The above-described intentional actions of Officer Castillo constitute battery upon Plaintiff.

36.    Specifically, Officer Castillo voluntarily and intentionally assaulted and battered Plaintiff so as to cause Plaintiff serious personal injuries.

37.    As a result of Officer Castillo's actions, Plaintiff has suffered and will continue to suffer severe and permanent physical and mental pain and anguish, physical discomfort and inconvenience.

WHEREFORE, Plaintiff requests judgment against defendant Officer Castillo in the amount of $500,000.00 as and for compensatory damages, plus attorney's fees and costs.

## COUNT V – NEGLIGENT SUPERVISION
### (As Against Boston)

38.   Plaintiff adopts by reference paragraphs 1 through 37 as if fully set forth herein.

39.   The above-described actions of Boston constitute failure to adequately train, supervise and manage Officer Castillo.

40.   Boston owed a duty to Plaintiff to adequately train, supervise and manage Officer Castillo.

41.   Plaintiff was injured as a result of Boston's breach of duty of care.

42.   It was reasonably foreseeable that Plaintiff would be injured as a result of Boston's negligent training, supervision and management of Officer Castillo.

43.   Plaintiff was injured by Officer Castillo while he was working within the scope of his employment for Boston.

WHEREFORE, Plaintiff requests judgment against defendant Boston in the amount of $100,000.00 as and for compensatory damages, plus attorney's fees and costs.

## COUNT VI – NEGLIGENT SUPERVISION
### (As Against Whiskey's)

44.   Plaintiff adopts by reference paragraphs 1 through 43 as if fully set forth herein.

45.   The above-described actions of Whiskey's constitute failure to adequately train, supervise and manage Officer Castillo.

46.   Whiskey's owed a duty to Plaintiff to adequately train, supervise and manage Officer Castillo.

47.   Plaintiff was injured as a result of Whiskey's breach of duty of care.

48.   It was reasonably foreseeable that Plaintiff would be injured as a result of Whiskey's negligent training, supervision and management of Officer Castillo.

49.   Plaintiff was injured by Officer Castillo while he was working within the scope of his employment for Whiskey's.

WHEREFORE, Plaintiff requests judgment against defendant Whiskey's in the amount of $500,000.00 as and for compensatory damages, plus attorney's fees and costs.

## COUNT VII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (As Against Officer Castillo)

50.   Plaintiff adopts by reference paragraphs 1 through 49 as if fully set forth herein.

51.   Officer Castillo intended to inflict emotional distress upon Plaintiff or he knew or should have known that emotional distress was the likely result of assaulting and battering him, filing a false police report against him, and notifying his school of the incident.

52.   Officer Castillo's conduct was extreme and outrageous, beyond all possible bounds of decency and was utterly intolerable in a civilized society.

53.   Officer Castillo's conduct caused Plaintiff to suffer emotional distress.

54.   Plaintiff's emotional distress was severe and of a nature that no reasonable man could be expected to endure it.

WHEREFORE, Plaintiff requests judgment against defendant Officer Castillo in the amount of $500,000.0 as and for compensatory damages, plus attorney's fees and costs.

## COUNT VIII—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (As Against Boston)

55.   Plaintiff adopts by reference paragraphs 1 through 54 as if fully set forth herein.

56.   Boston intended to inflict emotional distress upon Plaintiff or it knew or should have known that emotional distress was the likely result of allowing its agents, servants and/or employees to file a false police report against Plaintiff and allowing them to report the incident to the Plaintiff's school.

57.   Boston's conduct was extreme and outrageous, beyond all possible bounds of decency and was utterly intolerable in a civilized society.

58.   Boston's conduct caused Plaintiff to suffer emotional distress.

59.   Plaintiff's emotional distress was severe and of a nature that no reasonable man could be expected to endure it.

WHEREFORE, plaintiff requests judgment against defendant Boston in the amount of $100,000.00 as and for compensatory damages, plus attorney's fees and costs.

## COUNT IX—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (As Against Whiskey's)

60.   Plaintiff adopts by reference paragraphs 1 through 59 as if fully set forth herein.

7

61.  Whiskey's intended to inflict emotional distress upon Plaintiff or it knew or should have known that emotional distress was the likely result of allowing its agents, servants and/or employees to assault and batter and then file a false police report against Plaintiff.

62.  Whiskey's conduct was extreme and outrageous, beyond all possible bounds of decency and was utterly intolerable in a civilized society.

63.  Whiskey's conduct caused Plaintiff to suffer emotional distress.

64.  Plaintiff's emotional distress was severe and of a nature that no reasonable man could be expected to endure it.

WHEREFORE, plaintiff requests judgment against defendant Whiskey's in the amount of $500,000.00 as and for compensatory damages, plus attorney's fees and costs.

## COUNT X—NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(As Against Officer Castillo)

65.  Plaintiff adopts by reference paragraphs 1 through 64 as if fully set forth herein.

66.  Officer Castillo owed a duty of care to Plaintiff not to injure him and/or cause emotional distress to him while Plaintiff was in his presence.

67.  Officer Castillo breached his duty by assaulting and battering Plaintiff, causing a false police report to be filed against him, and reporting the incident to his school.

68.  Officer Castillo's breach of duty caused physical harm to Plaintiff's person.

69.  The damage caused to Plaintiff's person resulted directly from Officer Castillo's negligence in assaulting and battering Plaintiff, causing a false police report to be filed against him, and reporting the incident to his school.

70.  As a result of Officer Castillo's negligence, Plaintiff has suffered and will continue to suffer severe and permanent physical and emotional distress.

71.  Plaintiff's emotional distress was severe and of a nature that no reasonable man could be expected to endure it.

WHEREFORE, Plaintiff requests judgment against defendant Officer Castillo in the amount of $500,000.00 as and for compensatory damages, plus attorney's fees and costs.

## COUNT XI—NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(As Against Boston)

72.  Plaintiff adopts by reference paragraphs 1 through 71 as if fully set forth herein.

8

73.   Boston owed a duty of care to Plaintiff by properly training, managing or supervising Officer Castillo not to injure him and/or cause emotional distress to him while he was in the presence of Officer Castillo.

74.   Boston breached its duty by not properly training, managing or supervising Officer Castillo so as not to injure him and/or cause emotional distress to him while he was in the presence of Officer Castillo.

75.   Boston's breach of duty caused physical harm to Plaintiff's person.

76.   The damage caused to Plaintiff's person resulted directly from failing to properly train, manage or supervise Officer Castillo while Plaintiff was in the presence of Officer Castillo.

77.   As a result of Boston's negligence, Plaintiff has suffered and will continue to suffer severe and permanent physical and emotional distress.

78.   Plaintiff's emotional distress was severe and of a nature that no reasonable man could be expected to endure it.

WHEREFORE, plaintiff requests judgment against defendant Boston in the amount of $100,000.00 as and for compensatory damages, plus attorney's fees and costs.

## COUNT XII—NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (As Against Whiskey's)

79.   Plaintiff adopts by reference paragraphs 1 through 78 as if fully set forth herein.

80.   Whiskey's owed a duty of care to Plaintiff by properly training, managing or supervising Officer Castillo not to injure him and/or cause emotional distress to him while he was in the presence of Officer Castillo.

81.   Whiskey's breached its duty by not properly training, managing or supervising Officer Castillo so as not to injure him and/or cause emotional distress to him while he was in the presence of Officer Castillo.

82.   Whiskey's breach of duty caused physical harm to Plaintiff's person.

83.   The damage caused to Plaintiff's person resulted directly from failing to properly train, manage or supervise Officer Castillo while Plaintiff was in the presence of Officer Castillo.

84.   As a result of Whiskey's negligence, Plaintiff has suffered and will continue to suffer severe and permanent physical and emotional distress.

85.   Plaintiff's emotional distress was severe and of a nature that no reasonable man could be expected to endure it.

WHEREFORE, plaintiff requests judgment against defendant Whiskey's in the amount of $500,000.00 as and for compensatory damages, plus attorney's fees and costs.

Based upon the foregoing, Plaintiff requests that this Honorable Court enter judgment in its favor in the entirety against all Defendants as well as any other relief deemed fair and just.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS**

Respectfully submitted,
The Plaintiff,
Alex Corbett,
By his Attorneys,

Jonathon D. Friedmann
BBO #180130
John D. Moorman
BBO #553267
Andrew J. Shriro
BBO #677734
RUDOLPH FRIEDMANN LLP
92 State Street
Boston, MA 02109
(617) 723-7700

Dated: October ___, 2013