# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

## OPPOSITION OF RYAN POWDERLY TO MOTION TO COMPEL

| | |
|---|---|
| ALEX CORBETT,<br>Plaintiff<br><br>v.<br><br>CITY OF BOSTON, CRT FOOD &<br>BEVERAGE, INC., d/b/a<br>WHISKEY'S<br>STEAKHOUSE BOSTON and<br>LUDWIG H. CASTILLO, | C.A.No. 1:13-cv-12695-MBB |

## AFFIDAVIT OF RYAN POWDERLY IN SUPPORT OF OPPOSITION TO MOTION FOR ENFORCEMENT OF SUBPOENA AS TO MY NON-PARTY STUDENT RECORDS

I, Ryan Powderly, under oath, hereby depose and say as follows:

1.  I am not a party to this action.

2.  I am a former student at Massachusetts College of Pharmacy and Health Sciences (MCPHS).

3.  I was deposed at length in this case on July 22, 2014.

4.  There is a videotape of the events at issue in this case that was taken by defendant CRT.

5. My attorney filed a Motion to Suppress in the criminal case against me that was

heard before Kelly, J. in the Boston Municipal Court at which several witnesses testified

under oath.  There is a transcript of this hearing.

     6.  I do not waive my right to privacy of my school records.

     7.  I oppose the granting of the Motion to Enforce the Subpoenas.

     SUBSCRIBED AND SWORN UNDER THE PENALTIES OF PERJURY THIS 23RD DAY OF MARCH, 2015.


            ---/s/------------------------------------
            Ryan Powderly


## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2015 I served a copy of the foregoing Opposition and Affidavit, filed in Court this day and now by the ECF system, has been served in hand and will be served electronically to all registered participants as identified on the Notice of Electronic Filing.

            _____/s/_____
            Karen D. Hurvitz

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

**OPPOSITION OF RYAN POWDERLY TO MOTION TO COMPEL**

| | |
|---|---|
| ALEX CORBETT, <br> Plaintiff <br><br> v. <br><br> CITY OF BOSTON, CRT FOOD & BEVERAGE, INC., d/b/a WHISKEY'S STEAKHOUSE BOSTON and | C.A.No. 1:13-cv-12695-MBB |

LUDWIG H. CASTILLO,
Defendant.

**OPPOSITION OF RYAN POWDERLY TO MOTION FOR**

**ENFORCEMENT OF SUBPOENA AS TO MY NON-PARTY**

**STUDENT RECORDS**

Ryan Powderly, a non-party to this action, by counsel, hereby OPPOSES Defendant

CRT Food & Beverage, Inc., d/b/a Whiskey's Steakhouse Boston (hereinafter CRT)'s Motion

to Compel Responses to Three Subpoenas served upon Nonparty Witness Massachusetts

College of Pharmacy and Health Science, to the extent it seeks an audiotape of a school

hearing in which he was involved. In support of his opposition, Mr. Powderly submits his

Affidavit and states as follows:

       1. Plaintiff Alex Corbett has brought suit against the City of Boston, CRT, and

Ludwig H. Castillo, seeking damages sustained as a result of an incident outside

Whiskey's on February 18,2012.  Plaintiff alleges that Defendants' informing

MCPHS of the incident caused him to be suspended from enrolling in MCPHS for a year and delayed his commencement of gainful employment.

2.  CRT seeks to enforce a subpoena, which requests "any and all disciplinary records, hearing recordings, hearing transcripts or citations regarding Ryan Powderly."   Mr. Powderly is a former student at MCPHS and is not a party to this litigation.

3.  CRT states in its motion that Mr. Powderly was deposed in this case on July 22, 2014.  Thus, CRT has testimony under oath from Mr. Powderly covering all possible points of interest to it in this action.

4.  Moreover, there is a video tape which displays every second of the incident in question.  Because it is not an eyewitness account by a human witness, its memory cannot be influenced and does not fade with the passage of time.  It is therefore the most reliable evidence of what happened.

5.  Further, counsel for Mr. Powderly litigated a motion to suppress in the case that was brought against Mr. Powderly.  Accordingly, there are multiple sources of statements under oath which describe this incident.

## ARGUMENT

1.     Mr. Powderly, as a former student of MCPHS, is entitled to the

   protections of the Family Educational Rights and Privacy Act, 28 U.S.C. Sec.

   1232 (g).  The purpose of that statute is to protect students' right to privacy

by limiting disclosure of their records without their consent.  Rios v Read, 73 F.R.D. 589, 597 (E.D.N.Y. 1977).  While records may be disclosed to comply with a judicial order, 28 U.S.C. § 1232g(b)(2), when addressing objections to the disclosure of educational records, courts have permitted discovery "only where the party requesting the records has met a 'significantly heavier burden' to show that its interests in obtaining the records outweighs the significant privacy interest of the students." Alig-Mielcarek v. Jackson, 286 FRO. 521, 526 (N.D. Ga. 2012), citing Ragusa v. Malverne Union Free School District, 549 F. Supp. 2d 288, 293-94 (E.D.N.Y. 2008).  A party seeking the disclosure of these private records must establish a "genuine need for the information that outweighs the privacy interests" of the student. See Fed. R. Civ. Pro. 26(b); Alig-Mielcarek, supra at 526 (emphasis supplied).

2.   NO need has been established for this information.  In fact, the opposite is true: instead of there being a need for information that can not be gained from other sources, there are multiple sources for the same information – sources that do not violate the privacy of Mr. Powderly as given to him by statute. These are the videotape, Mr. Powderly's deposition under oath, the testimony of the other witnesses, also under oath, and the statements of the witnesses. Contrary to the situation in Rios v Read, supra at 599, where it would have

been "impossible to prove" the alleged Title VI violations without access to the school records, every detail of the incident has been covered by both video tape and depositions under oath (emphasis supplied).

3. Mr. Powderly is not a party to this suit, and thus did not put any matters at issue upon which light could be shed by combing through his school records. He has not thereby implicitly "waived" the privacy of those records. *See* Jaffee v Redmond, 518 U.S. 1, 15 (1996).

## CONCLUSION

There is no justification for invading the privacy of Mr. Powderly's school records.  They can add nothing to the information that has already been gathered – information that is far more detailed and comprehensive than an audiotaped record of a school hearing, not under oath, could provide.  Under the circumstances, the subpoena is only an attempt to harass, and access to the protected school records of this student should be denied.

Respectfully submitted,

Ryan Powderly,
By Counsel

_____/s/_____
Karen Hurvitz, BBO#245720
LAW OFFICES OF KAREN HURVITZ
34 Tanglewood Drive
Concord, MA 01742
(617) 513-3365
HurvitzLaw@comcast.net